## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. JACKSON | ) | |
| Movant, | ) | |
| | ) | CIVIL ACTION NO. 16-00182-WS |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 14-00057-WS-N |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

William E. Jackson ("Jackson"), a federal prisoner proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and supporting memorandum (Doc. 72).[1]  The motion has been referred for appropriate action to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  *See* S.D. Ala. GenLR 72(b); (4/27/2016 electronic reference).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered an order setting deadlines for the United States to file a response to the motion, and for Jackson to file a reply to the United States' response.  (Doc. 73). As the United

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

States has timely filed its response (Doc. 74) and Jackson has timely filed his reply (Doc. 77), the § 2255 motion is now under submission.

Having reviewed the parties' submissions in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the undersigned finds that an evidentiary hearing is not warranted and that Jackson's § 2255 motion (Doc. 72) is due to be **DISMISSED with prejudice**. The undersigned further finds that Jackson is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.

## I.     Background

On March 27, 2014, Jackson was charged, via a one count indictment, with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At arraignment, Assistant Federal Defender Fred Tiemann was appointed to represent Jackson. (Docs. 8, 10). Within a few weeks, Mr. Tiemann was permitted to withdraw from Jackson's representation, and Criminal Justice Act Panel Attorney P. Bradley Murray ("trial counsel") was appointed to represent Jackson.[2]

On July 16, 2014, pursuant to a written plea agreement, Jackson pled guilty to violating 18 U.S.C. § 922(g)(1). (Docs. 33, 34). On October 10, 2014, Jackson moved to withdraw his plea. (Doc. 48). On October 15, 2014, the Court denied the motion in a detailed order, finding that entry of the plea was counseled, knowing, and voluntary. (Doc. 51).

---

[2] The Honorable P. Bradley Murray now serves as United States Magistrate Judge in this district.

Prior to sentencing, the United States Probation Office prepared a draft Presentence Investigation Report ("PSI"). (Doc. 42). On October 1, 2014, trial counsel filed several objections to the draft PSI. (Doc. 43). Specifically, trial counsel objected as follows:

> 16, 24: Defendant Jackson objects to the failure to provide the appropriate 2 or 3 point reduction for acceptance of responsibility. Jackson recognizes that he violated certain conditions of his pretrial release, but asserts that there is adequate support for the reduction even so. Jackson's plea and related statement of conduct support the acceptance of responsibility reduction and his total offense level should ultimately be reduced by 2 or 3 points.
>
> 17. Defendant Jackson objects to his base offense level of 20 because he does not have a sufficient, qualifying felony offense to support a [base offense level] 20 starting point upon fair application of §2K2.1(b)(6)(B). The correct [base offense level] is 14.
>
> 18. Defendant Jackson objections to the 4 point addition because there is insufficient support to show that the firearm was connected with another qualifying felony offense. There is no evidence that the firearm facilitated the possession of marijuana offense. The 4 point enhancement should not apply as a specific offense characteristic.
>
> Jackson's final guideline calculation should be 12, or, at a maximum 14 if the Court concludes he has lost acceptance of responsibility. The guideline calculation of 14 would be consistent with the calculation the United States Probation Office provided Jackson in the attached Sentencing Guideline Worksheet. Jackson objects in a general sense to a sentencing calculation that is nearly 3 times the calculation presented to him in the attached [Sentencing Guidelines Worksheet]. Fundamental fairness requires that the Court depart downward to the guideline range of 12 or 14 with a criminal history category of VI and a corresponding guideline range of 30-37 months or 37-46 months. Defendant Jackson submits that the Court can sentence him within one of these ranges and achieve the §3553(a) goals of sentencing and recognize his reliance on the [Sentencing Guidelines Worksheet] report projections in the decision to resolve the case with a guilty plea.

(Doc. 43 at 1-2).

On December 15, 2014, the Court held a sentencing hearing and the objections were discussed on the record. The Court overruled Jackson's objections pertaining to the base offense level calculation and loss of acceptance of responsibility. The United States explained that it would not offer evidence related to the four level firearm enhancement and the Court noted that it would adjust the PSI to eliminate that enhancement. After resolving the objections, the Court sentenced Jackson to 70 months in the custody of the Bureau of Prisons, with a three year term of supervised release to follow. (Doc. 57).

On December 29, 2014, through trial counsel, Jackson filed a notice of appeal of his conviction and sentence. (Doc. 53). Trial counsel was permitted to withdraw soon thereafter and William Gregory Hughes ("appellate counsel") was appointed to represent Jackson in his appeal. On August 11, 2015, the Court of Appeals for the Eleventh Circuit affirmed Jackson's conviction and sentence. The mandate issued on November 6, 2015.

## II.    Discussion

Through his § 2255 motion, Jackson alleges that trial counsel[3] was ineffective and that his due process rights were violated as a result. In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v.*

---

[3]Jackson includes a heading indicating both trial and appellate counsel was ineffective but fails to provide any grounds pertaining to appellate counsel's performance. Thus, only trial counsel's performance is discussed herein. (See Doc. 72 at 4, § I).

4

*Washington*, 466 U.S. 668, 687 (1984); *see also Jones v. United States,* 478 F. App'x. 536, 539–40 (11th Cir. 2011) ("To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense."). [4] "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that she was prejudiced by that performance." *Demar v. United States,* 228 F. App'x. 940, 950 (11th Cir. 2007) (quotation marks, brackets and citations omitted); *see also Johnson v. Alabama,* 256 F.3d 1156, 1176 (11th Cir.2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."), *cert. denied sub nom. Johnson v. Nagle,* 535 U.S. 926 (2002).[5]

The *Strickland v. Washington* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The Eleventh Circuit has held that "'counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, as in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" *Carter v. United*

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[5] It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley,* 209 F.3d 1243 (11th Cir. 2000)), cert. denied, 537 U.S. 1022 (2002).

*States,* 288 F. App'x. 648, 649 (11th Cir. 2008), quoting *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir.1984). The Court of Appeals for the Eleventh Circuit has observed:

> The performance prong of the ineffective assistance standard entails a deferential review of counsel's conduct. In assessing the reasonableness of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[6] Thus, the Sixth Amendment does not require criminal defense attorneys to take a nothing to lose approach and raise every available nonfrivolous defense.

> With respect to prejudice, courts ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Means v. Secretary, Department of Corrections,* 433 F. App'x. 852, 855 (11th Cir. 2011) (internal quotation marks and citations omitted; footnote added), *cert. denied sub nom. Means v. Tucker,* —— U.S. ——, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012); *see also Pair v. Cummins,* 373 F. App'x. 979, 981–82 (11th Cir. 2010) ("The performance prong of an ineffective assistance claim requires the petitioner to show that, considering all the circumstances, his attorney's representation fell below an objective standard of reasonableness. The standard is that of a reasonable attorney, not a paragon of the bar or an Aristotle or a Clarence Darrow. Moreover, judicial review of an attorney's performance is highly deferential, and the court must eliminate the distorting effects of hindsight and evaluate performance from the attorney's perspective at the time the challenged conduct occurred. In so doing, the

---

[6] In order to satisfy the first prong, "the petitioner must establish that no competent counsel would have taken the action that his counsel did take[.]" *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010) (quotation marks and citation omitted).

court must indulge a strong presumption that the attorney's conduct was objectively reasonable. A petitioner fails to overcome that presumption if the challenged conduct might be considered sound trial strategy.... [a petitioner] must [also] establish prejudice. It is not enough for him to show that his counsel's deficient performance had some conceivable effect on the jury's verdict. Instead, [a petitioner] must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (internal quotation marks and citations omitted)).

Given the two-prong nature of the test for adjudicating ineffective-assistance-of-counsel claims, it can come as no surprise that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)(internal citation omitted). When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary,* 141 F.3d 1018, 1023 (11th Cir.1998) (citation omitted), *cert. denied,* 527 U.S. 1008 (1999); *see also Adamson v. United States,* 288 F. App'x. 591, 594 (11th Cir. 2008) ("The defendant must satisfy both prongs of this test to show a Sixth Amendment violation; if the defendant fails to demonstrate one of these prongs sufficiently, we do not need to address the other."), *cert. denied,* 555 U.S. 1010 (2008); *Butcher v. United States,* 368 F.3d 1290, 1293 (11th Cir.2004) (

"[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

Finally, "vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim." *Rosado v. Secretary, Dep't of Corrections,* 2010 WL 2976886, *4 (M.D.Fla. Jul. 20, 2010), citing *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir.1991). And with these principles in mind, the undersigned now considers Jackson's claims of alleged ineffective assistance of counsel.

## A.    Trial Counsel's Performance

Jackson claims trial counsel was ineffective for 1) failing to object to a six level sentencing enhancement, resulting in a base offense level of 20 rather than 14, and 2) failing to file a motion to suppress.

### 1.    Claim One: Ineffective Assistance of Counsel Based on Trial Counsel's Failure to Object to Calculation of Jackson's Base Offense Level

As discussed herein, Jackson's first claim is procedurally barred because it was raised on direct appeal. Were it not procedurally barred, the claim is meritless.

On December 29, 2014, through trial counsel, Jackson filed a notice of appeal of his conviction and sentence. (Doc. 53). Trial counsel was permitted to withdraw soon thereafter and appellate counsel was appointed. In its order affirming Jackson's conviction and sentence, the Eleventh Circuit stated:

> William Gregory Hughes, appointed counsel for William E. Jackson in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Our independent review of the entire record reveals that counsel's

> assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Jackson's conviction and sentence are AFFIRMED.

(Doc. 70 at 1-2)(emphasis in original).[7] The Court of Appeals for the Eleventh Circuit has summarized:

> It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal. *See United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir.2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks omitted)); *Mills v. United States,* 36 F.3d 1052, 1056 (11th Cir.1994) ( "[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); *United States v. Rowan,* 663 F.2d 1034, 1035 (11th Cir.1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."); *United States v. Johnson,* 615 F.2d 1125, 1128 (5th Cir.1980) ("When an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion."); *Buckelew v. United States,* 575 F.2d 515, 517–18 (5th Cir.1978) ("[A] matter need not be reconsidered on a section 2255 motion if it has already been determined on direct appeal.").

*Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

Though a procedural bar argument was not raised by the United States, the Court has determined that Jackson's ineffective assistance of counsel claim premised on trial counsel's failure to object to object to the calculation of Jackson's base offense level is procedurally barred. In his *Anders* brief, appellate counsel noted the appeal waiver exceptions contained in Jackson's plea agreement, including an exception for claims of ineffective assistance of counsel. (April 6, 2015 Anders brief, available in the Court of Appeals' docket. Eleventh Circuit Case No.

---

[7] The mandate issued November 6, 2015.

15-10018). Appellate counsel concluded that none of the appeal waiver exceptions applied in this case.

On May 26, 2015, Jackson filed a response to appellate counsel's *Anders* brief, arguing that trial counsel was ineffective for failing to raise objection regarding calculation of his base offense level. As this portion of Jackson's ineffective assistance claim was raised in Jackson's response to appellate counsel's *Anders* brief on direct appeal, Jackson's attempt to raise it again in the context of a § 2255 motion is procedurally barred. *Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014).[8] Accordingly, Jackson's ineffective assistance of counsel claim pertaining to trial counsel's failure to object to the calculation of his base offense level is due to be **DISMISSED**.

Even if this claim were not barred or waived, it would fail. Review of the record, including trial counsel's written objections, and the transcript of the sentencing hearing (Docs. 43 and 69, respectively) reveal that trial counsel raised the very objections Jackson claims he failed to raise. Before Jackson's sentencing, trial counsel filed Jackson's position statement with regard to sentencing factors.

---

[8] In *Stoufflet*, the Court of Appeals explained, "We reject Stoufflet's argument that his objection to appointed counsel's *Anders* brief should not trigger the procedural bar because the posture pits counsel against defendant. Stoufflet clearly presented the issue of the voluntariness of his plea when he responded to appointed counsel's *Anders* brief. In her *Anders* brief, appointed counsel evaluated the plea colloquy and Stoufflet's motion to withdraw that plea, and she concluded that his plea was knowing and voluntary such that it would be frivolous to appeal the voluntariness of it. Stoufflet objected that his plea was not voluntary because he was misinformed about the elements of his crime. When our Court granted appointed counsel's motion to withdraw, we agreed that her 'assessment of the relative merit of [Stoufflet's] appeal [wa]s correct' and affirmed Stoufflet's conviction and sentence '[b]ecause independent examination of the entire record reveal[ed] no arguable issues of merit.' *Stoufflet,* 424 Fed.Appx. at 881. We necessarily rejected Stoufflet's contention about the voluntariness of his plea. We agree with the Seventh Circuit that an issue "[p]resented is presented," *White v. United States,* 371 F.3d 900, 902–03 (7th Cir.2004), even if raised only in the *pro se* response to an *Anders* brief." 757 F.3d 1236, 1242 (11th Cir. 2014).

(Doc. 43). Therein, counsel stated, "Defendant Jackson objects to his base offense level of 20 because he does not have a sufficient, qualifying felony offense to support a [base offense level] 20 starting point upon fair application of §2K2.1(b)(6)(B). The correct [base offense level] is 14." (Doc. 43 at 1).  At the sentencing hearing, trial counsel expanded upon his objection, but the objection was overruled by the Court. Thus, even if Jackson's first claim of ineffective assistance of counsel was not barred, any contention that trial counsel was ineffective for failing to raise an objection to Jackson's base offense level is without merit.

### 2.    Claim Two: Ineffective Assistance of Counsel Based on Trial Counsel's Failure to File a Motion to Suppress

Jackson contends that trial counsel was ineffective because he failed to file a motion to suppress challenging the legality of the stop that led to the discovery of the firearm and ultimately to his conviction. (Doc. 72 at 17-20). The United States argues that Jackson has waived this claim as a result of his valid guilty plea.

A "defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984). (emphasis in original). This includes any claim of ineffective assistance of counsel unless the deficient performance relates to the voluntariness of the plea itself. *See, e.g., McMillin v. Beto,* 447 F.2d 453, 454 (5th Cir.1971); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983). Jackson does not contend that his plea was involuntary based on trial counsel's failure to file a motion to suppress. *See, e.g., Bullard v. Warden, Jenkins Corr. Center*, 610 F. App'x 821, 824 (11th Cir. 2015)

11

("Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").[9] Accordingly, the undersigned recommends that Jackson's second claim of ineffective assistance of counsel be DISMISSED.

Additionally, even if the undersigned were to examine the merits of Jackson's claim that trial was ineffective due to his failure to file a motion to suppress challenging the legality of the traffic stop, based on the contents of the Factual Resume submitted in conjunction with the plea agreement, it appears such a claim would be meritless. With regard to the traffic stop, Jackson's Factual Resume states:

> On or about February 23, 2014, Officer Holt Johnson, of the Butler Police Department, took a report from the mother of a juvenile that alleged that the defendant made a threat against her minor son and brandished a firearm when doing so. She provided a description of the vehicle and a partial Mississippi license number. Butler P.D. Officer, Holt Johnson, spotted the vehicle. The vehicle was being driven by the defendant at a high rate of speed. Officer Holt initiated a traffic stop. When the offer approached the vehicle, he noticed what appeared to be a firearm holster on defendant's waistband. The officer asked the defendant the whereabouts of the firearm and he responded that it was in the center console. The firearm was retrieved from the console. The firearm is more particularly described as a fully loaded black Taurus, .38 caliber revolver, Model 85, Serial Number L127064....

(Doc. 33 at 2). From this description of the traffic stop, it does not appear that a motion to suppress, challenging the legality of the stop, would have been successful. Counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing

---

[9] The undersigned cites *Bullard* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36–2.

*Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

When Jackson entered a plea of guilty, he knowingly and voluntarily admitted his guilt and has failed to demonstrate that trial counsel's performance rendered that admission of guilt involuntary or uninformed. Consequently, Jackson waived his claim regarding his counsel's investigation of the evidence by his knowing and voluntary plea. *See Whitehurst, supra,* 485 F.Supp2d at 117(A valid guilty plea held to "preclude[ ] petitioner from now challenging the legality of events that occurred prior to the entry of that plea.").

For these reasons, the undersigned finds that Jackson's § 2255 motion (Doc. 72) is due to be **DISMISSED with prejudice**, without an evidentiary hearing.

### B.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding.  Rule 11(a) of the Rules Governing § 2255 Proceedings. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

13

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

The undersigned finds that reasonable jurists could not debate whether Jackson's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Jackson should be **DENIED** a Certificate of Appealability as to the present § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin*

*v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

### C.   Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by Jackson of the dismissal of his § 2255 motion (Doc. 72) would be without merit and therefore not taken in good faith.

### III.   Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Jackson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 72) be **DISMISSED with prejudice**. It is further **RECOMMENDED** that the Court find Jackson not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 23rd day of July 2018.

*/s/Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**